JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
FRANCIS J. ZEBARI, IDAHO STATE BAR NO. 8950
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JOSE SALVADOR ALCARAZ-CURIEL<br>a/k/a JOSE ALCARAZ a/k/a JOSE S.<br>ALCARAZ a/k/a JOSE CURIEL,<br><br>       Defendant. | Case No. 1:24-cr-00071-AKB<br><br>**MOTION FOR DETENTION** |

Pursuant to 18 U.S.C. § 3142(e) and (f), the United States requests the Defendant's detention pending trial. Due to the serious risk that the Defendant will flee, a detention hearing is authorized under 18 U.S.C. § 3142(f)(2)(A) to determine whether any condition or combination of conditions will reasonably assure the appearance of the Defendant. At the hearing, the United States will present evidence and argument as to the Defendant's risk of flight/non-appearance. The United States therefore submits this Motion to make the threshold showing that a detention hearing is warranted and to preview the evidence and argument that the Government expects to present at the hearing.

**MOTION FOR DETENTION - 1**

**STATEMENT OF THE CASE**

Jose Salvador Alcaraz-Curiel a/k/a Jose Alcaraz a/k/a Jose S. Alcaraz a/k/a Jose Curiel, the Defendant, is a citizen of Mexico. On March 2, 2024, Immigration and Customs Enforcement (ICE) officers encountered the Defendant in Canyon County, Idaho. The Defendant is a citizen of Mexico and, without authorization, entered or remained in the United States legally. Official immigration records of the Department of Homeland Security show that he is a citizen of Mexico and had been previously deported on September 26, 2020, through Nogales, Arizona. The Defendant has been charged with a violation of Title 8 U.S.C. § 1326, Deported Alien Found in the United States.

## I. The Court Should Conduct a Detention Hearing Because the Defendant Poses a Serious Risk of Voluntary Flight.

A detention hearing is warranted if, upon a motion of the attorney for the Government, the case involves a serious risk that the Defendant will flee. 18 U.S.C. § 3142(f)(2)(A). The bar to grant a hearing is low given the burden of proof at the hearing is a preponderance of the evidence that no condition or combination of conditions will reasonably a defendant's appearance. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). The Ninth Circuit has provided a non-exhaustive list of primary factors that show that a defendant charged under 8 U.S.C. § 1326 is a voluntary flight risk. *United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015). These factors include "violation of the terms of [a defendant's] supervised release, [a defendant's] multiple unlawful entries into the United States, [a defendant's] prior failure to appear when required in state court, [a defendant's] use and possession of fraudulent identity documents, and the severity of the potential punishment and the weight of the evidence against [a defendant]." *Santos-Flores*, 794 F.3d at 1092.

**MOTION FOR DETENTION - 2**

A court also can properly consider (i) a defendant's false claims to law enforcement and (ii) a defendant's "reentry into the United States in violation of an order of removal" even if such factors are "relatively common to defendants in illegal reentry cases." *Santos-Flores*, 794 F.3d at 1092–93.

Here, many of those factors show the Defendant is a serious risk of flight, including:

1. On January 12, 2024, ALCARAZ was arrested by the Payette Police Department for Controlled Substance-Possession (Methamphetamine), a felony, a violation of Idaho Code 37-2732(c)(1) and Providing False Information to Law Enforcement. CR38-24-0094. Defendant pled guilty to Drug Paraphernalia-Use or Possess With Intent to Use and was sentenced to 60 days of incarceration. ***The probable cause affidavit from this case indicates that ALCARAZ provided a false name to officers and persisted in this lie even after being arrested. Officers needed to use jail booking information and tattoos to confirm ALCARAZ's identity.***

2. On April 22, 2020, ALCARAZ was convicted in the United States District Court District of Arizona, for the offense of Reentry of Removed Alien, a felony, a violation of 8 USC 1326(b)(1), for which ALCARAZ was committed to the custody of the Bureau of Prisons for a term of, Fifteen Months (15), with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Thirty-Six (36) Months (No. CR-19-02511-001-TUC-FRZ (LCK);

3. On September 14, 2016, ALCARAZ failed to appear for his court hearing in regard to case CR-2016-14871. On November 14, 2016, the Canyon County Court issued a Warrant of Arrest for ALCARAZ in regard to case CR-2016-

**MOTION FOR DETENTION - 3**

14871. On May 23, 2017, ALCARAZ failed to appear for his court hearing in regard to case CR-2016-14871. On May 23, 2017, the Canyon County Court issued a Warrant of Arrest for ALCARAZ in regard to case CR-2016-14871;

4. On March 15, 2013, ALCARAZ failed to appear for arraignment in regard to case CR-2013-4648. On March 18, 2013, ALCARAZ failed to appear for hearing in regard to case CR-2013-4648. On April 26, 2013, the District Court, District of Canyon issued a Warrant/Detention Order for ALCARAZ. On July 1, 2013, ALCARAZ failed to appear for a hearing in regard to case CR-2013-4648. On July 1, 2013, the District Court, District of Canyon issued a Warrant/Detention Order for ALCARAZ. CR-2013-4648;

5. On March 28, 2013, ACLARAZ failed to appear for a hearing in regard to case CR-2013-4725. On May 10, 2013, the court issued a Warrant for arrest of ALCARAZ in case CR-2013-4725;

6. On September 7, 2012, ALCARAZ failed to appear for a hearing in regard to case CR-2012-14580. On September 7, 2012, the court issued a Warrant for arrest of ALCARAZ in case CR-2012-14580;

7. On November 30, 2012, ALCARAZ failed to appear for a hearing in regard to case CR-2012-14580. On November 30, 2012, the court issued a Warrant for arrest of ALCARAZ in case CR-2012-14580;

8. On November 2, 2009, ALCARAZ failed to appear for a hearing in regard to case CR-2009-29162. On November 2, 2009, the court issued a Warrant for arrest of ALCARAZ in case CR-2009-29162;

**MOTION FOR DETENTION - 4**

9.   It should be noted that from 2009 through 2010, when ALCARAZ was under the age of eighteen (18), ALCARAZ was arrested for multiple offenses where in many of these cases, ALCARAZ received the disposition of True. These cases cover the years of activity. JV-2010-70; JV-2010-22; JV-2009-1043; JV-2009-922; JV-2009-716; JV-2006-1147.

The potential punishment for the Defendant's alleged crime is severe, up to 20 years of imprisonment due to his prior conviction. Taken together, the facts of this case show that Defendant presents a serious risk to flee. Therefore, a detention hearing is warranted.

**II.   The Defendant Presents a Risk of Flight and Should be Detained.**

At the hearing, the Government must establish risk of flight by a preponderance of the evidence, not by the higher standard of clear and convincing evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). In determining whether the Government has satisfied its burden, the Court must conduct an individualized evaluation of each bail request. 18 U.S.C. § 3142(g). In ascertaining whether to detain a defendant, the Court is directed by statute to consider four categories under Section 3142(g):

(1)   the nature and seriousness of the offense charged;

(2)   the weight of the evidence against the defendant;

(3)   the Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse and criminal history; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

18 U.S.C. § 3142(g); *United States v. Cardenas*, 784 F.2d 937, 938 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407.

**MOTION FOR DETENTION - 5**

This immigration case involves a citizen of a foreign country that has no right to enter or lawfully remain in the United States. The Court should rely on this factor when determining whether the Defendant is a flight risk. *Santos-Flores*, 794 F.3d at 1090. In *Santos-Flores*, the Court found alienage could be considered in determining voluntary risk of flight, but that a *per se* rule of detention based upon the defendant's future imminent involuntary deportation violated the requirement for an individualized evaluation. *Id.* Because of the aggravating factors under 3142(g) in this case, combined with the substantial risk of voluntary flight as discussed above, release is not appropriate.

### A.     Nature and Circumstances of the Charged Offense Are Serious.

The charged offense, by its nature, poses a substantial risk of voluntary flight. The Defendant does not have lawful authority to reside in the United States. He was previously deported and warned that coming back to the United States is a felony. He defied that warning and returned.

His prior community ties to the United States, no matter how substantial they might have been, were severed. He would be released as someone without authority to be in the United States and knowing that he has a high likelihood of conviction and deportation. Therefore, there is little incentive for the Defendant to return to Court.

Release would grant him the one thing he really wants, safe return to the United States. Having already ignored a lawful order to not return, there is a significant incentive to flee. There is no condition that can be imposed to ensure he returns to Court. The nature and circumstances of the offense therefore strongly favor detention.

//

//

**MOTION FOR DETENTION - 6**

### B.   The Weight of the Evidence against the Defendant is Strong

Although the least important factor to consider, the evidence is strong in this case because the Defendant was found in Idaho and was identified as a citizen of Mexico.  He was previously deported, after illegally entering the United States.  The Defendant's fingerprints match the prints taken when he was removed in 2020.

### C.   Characteristics of the Defendant, Ties to Community, Employment, Length of Residence, and Financial Ties Support Detention

The Defendant is a Mexican citizen with no legal right to enter the United States.  The Defendant was deported from the United States on September 26, 2020, after being convicted of illegal reentry.  Therefore, since at least 2020, the Defendant has maintained no lawful ties to the United States, has no legal employment history, no legal length of residence, or other financial ties that would suggest that release would be appropriate.

#### i.   The person's character

The Defendant was previously advised that returning to the United States without lawful authority was a federal crime that could result in a prison sentence.  Undeterred, the Defendant twice made the conscious decision to violate federal law.  This deliberate decision to violate the law, in the context of release consideration, should be given significant weight.

In addition, as mentioned above, the Defendant has shown a consistent unwillingness to follow orders from various courts.  ***In his recent case from Payette County (CR38-24-0094), the Defendant violated pretrial release by failing to report to probation on eight occasions and by failing to take drug tests sixteen times.***  In his prior felony case from Canyon County (CR2017-1442), the Defendant failed to meet with the probation office for his presentence report interview and absconded supervision.

//

**MOTION FOR DETENTION - 7**

### ii.  Family and community ties

Even if the Defendant can point to one or more family members residing in the United States, this factor does not deserve the same weight it is given in other detention cases because the Defendant would only be a brief visitor to these relatives.  In other types of detention cases, strong family ties are synonymous with strong community ties that provide an incentive to not become a fugitive from justice.  But, in this case, the only way the Defendant could continue to reside with his relatives in the United States is by failing to appear in Court and by remaining in the country illegally.  Because the Defendant's family and community ties to the United States do not provide an incentive to return to court, this factor weighs in favor of detention.

### iii.  Employment

This is not a factor that can support release in illegal entry cases.  Even if the Defendant can claim that he worked for years in the United States, the Defendant has zero lawful employment prospects on release.  The Defendant cannot work lawfully in the United States and would violate the terms of release if he did.

### iv.  Financial resources

Without the ability to work in the United States, the Defendant must presumably rely on others to provide for his daily needs, including the cost of transportation to court hearings, housing, and food.  These practical considerations provide an impediment to the Defendant returning to Court and incentivize attempts to work without authorization and, in turn, decisions not to appear for further proceedings.

### v.  Length of residence in the community

In illegal entry cases the length of lawful residence in the community is zero.  This factor is important because a long lawful residence in the community suggests a lack of incentive to

**MOTION FOR DETENTION - 8**

flee. For example, a defendant who has continuously resided in Idaho for decades prior to their offense is less likely to flee the jurisdiction because this is the only home that they know, and it is where they will return after serving custody. Conversely, a defendant with no continuous residence in any community in the United States is much more likely to flee the Court's jurisdiction rather than face jail and deportation. The fact that a Defendant may have put together years in the United States before or between being deported is not a factor supporting bail because the chance to continue that residence is effectively zero.

### vi.   Criminal and Immigration History

The Defendant has the following criminal history:

On February 26, 2024, ALCARAZ was arrested by Canyon County authorities for the offense of Drug Paraphernalia-Use or Possess With Intent to Use, a misdemeanor, a violation of Idaho Code 37-2734A(1). CR14-24-03164. This case was dismissed.

On February 26, 2024, ALCARAZ was cited by Canyon County authorities for the offense of Exceeding the Maximum Posted Speed Limit. CR14-24-03101.

On January 12, 2024, ALCARAZ was arrested by the Payette Police Department for Controlled Substance-Possession (Methamphetamine), a felony, a violation of Idaho Code 37-2732(c)(1) and Providing False Information to Law Enforcement. CR38-24-0094. The Defendant pled guilty to Drug Paraphernalia-Use or Possess With Intent to Use and was sentenced to 60 days of incarceration. The probable cause affidavit from this case indicates that ALCARAZ provided a false name to officers and persisted in this lie even after being arrested. Officers needed to use jail booking information and tattoos to confirm ALCARAZ's identity.

On April 22, 2020, ALCARAZ was convicted in the United States District Court District of Arizona, for the offense of Reentry of Removed Alien, a felony, a violation of 8 USC

**MOTION FOR DETENTION - 9**

1326(b)(1), for which ALCARAZ was committed to the custody of the Bureau of Prisons for a term of, Fifteen Months (15), with credit for time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of Thirty-Six (36) Months (No. CR-19-02511-001-TUC-FRZ (LCK).

On August 17, 2017, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division, for the offense of Disturbing the Peace, a misdemeanor, a violation of Idaho Code 18-6409, for which ALCARAZ was sentenced to 96 days in jail and fined $227.00. CR-2017-9436.

On July 24, 2017, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon, for the offense of Possession of a Controlled Substance, to wit: Methamphetamine, a felony, a violation of Idaho Code 37-2732(c)(1), for which ALCARAZ was sentenced to the custody of the Idaho State Board of Correction for a minimum period of confinement of two (2) years, followed by a subsequent indeterminate period of confinement not to exceed three (3) years, for a total unified term of five (5) years. It was further ordered that the execution of Judgment was suspended and ordered that ALCARAZ was placed on probation under the supervision and control of the Idaho State Department of Correction, Probation and Parole Division for a period of five (5) years, commencing the 18th day of July 2018. CR-2017-01442-C.

On August 18, 2017, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Payette Magistrate Division, for the offense of Driving Without Privileges, a misdemeanor, a violation of Idaho Code 18-8001(3), for which ALCARAZ was sentenced to 180 days in jail, fined, and placed on unsupervised probation for 24 months. CR-2016-2090.

**MOTION FOR DETENTION - 10**

On August 18, 2017, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Payette Magistrate Division, for the offense of Failure to Appear for a Misdemeanor Citation, a misdemeanor, a violation of Idaho Code 19-3901A, for which ALCARAZ was sentenced to 180 days in jail, fined, and placed on unsupervised probation for 24 months.  CR-2016-2090.

On August 1, 2017, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division, for the offense of Driving Without Privileges, a misdemeanor, a violation of Idaho Code 18-8001(3), for which ALCARAZ was sentenced to 35 days in jail and fined $500.00.  CR-2016-14871.

On September 14, 2016, ALCARAZ failed to appear for his court hearing in regard to case CR-2016-14871.  On November 14, 2016, the Canyon County Court issued a Warrant of Arrest for ALCARAZ in regard to case CR-2016-14871.  On May 23, 2017, ALCARAZ failed to appear for his court hearing in regard to case CR-2016-14871.  On May 23, 2017, the Canyon County Court issued a Warrant of Arrest for ALCARAZ in regard to case CR-2016-14871.

On December 28, 2015, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division, for the offense of Driving-Turning Movements and Required Signals, an Infraction, a violation of Idaho Code 49-808, for which ALCARAZ was fined $90.00.  CR-2015-23631.

On November 10, 2015, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division, for the offense of Driver's License-Fail to Purchase or Invalid, a misdemeanor, a violation of Idaho Code 49-301(1), for which ALCARAZ was sentenced to 10 days in jail, fined $353.00, and placed on unsupervised probation for 7 months.  CR-2015-11719.

**MOTION FOR DETENTION - 11**

On February 25, 2014, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon, for the offense of Possession of a Controlled Substance, a felony, a violation of Idaho Code 37-2732(c)(1), for which ALCARAZ was sentenced to the custody of the Idaho State Board of Correction for a minimum period of confinement of two (2) years, followed by a subsequent indeterminate period of confinement not to exceed three (3) years, for a total unified term of five (5) years and placed on supervised probation for three (3) years.  CR-2013-20404.

On January 2, 2014, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division, for the offense of Probation Violation.  CR-2013-9907.

On October 3, 2013, the Canyon County Court issued a Warrant of arrest for ALCARAZ for a Probation Violation in regard to case CR-2013-4725.

On August 28, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Possession of a Controlled Substance, a misdemeanor, a violation of Idaho Code 37-2732(c)(3), for which ALCARAZ was sentenced to 221 days in jail, fined $300.00, and placed on supervised probation for 24 months.  CR-2013-9907.

On August 28, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Drug Paraphernalia-Use or Possess With Intent to Use, a misdemeanor, a violation of Idaho Code 37-2734A(1), for which ALCARAZ was sentenced to 5 days in jail and fined $300.00.  CR-2013-4648.

**MOTION FOR DETENTION - 12**

On March 15, 2013, ALCARAZ failed to appear for arraignment in regard to case CR-2013-4648. On March 18, 2013, ALCARAZ failed to appear for hearing in regard to case CR-2013-4648. On April 26, 2013, the District Court, District of Canyon issued a Warrant/Detention Order for ALCARAZ. On July 1, 2013, ALCARAZ failed to appear for a hearing in regard to case CR-2013-4648. On July 1, 2013, the District Court, District of Canyon issued a Warrant/Detention Order for ALCARAZ. CR-2013-4648.

On August 15, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Possession of a Controlled Substance, a misdemeanor, a violation of Idaho Code 37-2732(c)(3), for which ALCARAZ was sentenced to 221 days in jail, fined $300.00, and placed on supervised probation for 24 months. CR-2013-4725.

On August 15, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Drug Paraphernalia-Use or Possess With Intent to Use, a misdemeanor, a violation of Idaho Code 37-2734A(1), for which ALCARAZ was sentenced to 75 days in jail, fined $550.00, and placed on supervised probation for 24 months. CR-2013-4725.

On March 28, 2013, ACLARAZ failed to appear for a hearing in regard to case CR-2013-4725. On May 10, 2013, the court issued a Warrant for arrest of ALCARAZ in case CR-2013-4725.

On February 14, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Controlled Substance-Possession of, a misdemeanor, a violation of Idaho Code 37-

**MOTION FOR DETENTION - 13**

2732(c)(3), for which ALCARAZ was sentenced to 267 days in jail, Fined $1,400.00, and placed on probation for 24 months. CR-2012-23249.

On February 14, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Driving Under the Influence, a misdemeanor, a violation of Idaho Code 18-8004, for which ALCARAZ was sentenced to 180 days in jail, Fined $1,400.00, and placed on probation for 24 months. CR-2012-23249.

On March 15, 2013, a Petition for Probation Violation was filed with the Canyon County Court in regard to case CR-2012-23249. On March 19, 2013, the court issued a Warrant for arrest of ALCARAZ in case CR-2012-23249.

On October 4, 2013, a Petition for Probation Violation was filed with the Canyon County Court in regard to case CR-2012-23249. On October 4, 2013, the court issued a Warrant for arrest of ALCARAZ in case CR-2012-23249.

On February 22, 2013, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Alcoholic Beverage-Under 21 YOA, Unlawful to Purchase, Possess or Consume, a misdemeanor, a violation of Idaho Code 23-949, for which ALCARAZ was fined $470.00 and placed on unsupervised probation for 12 months. CR-2012-14580.

On September 7, 2012, ALCARAZ failed to appear for a hearing in regard to case CR-2012-14580. On September 7, 2012, the court issued a Warrant for arrest of ALCARAZ in case CR-2012-14580.

**MOTION FOR DETENTION - 14**

On November 30, 2012, ALCARAZ failed to appear for a hearing in regard to case CR-2012-14580.  On November 30, 2012, the court issued a Warrant for arrest of ALCARAZ in case CR-2012-14580.

On December 2, 2009, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Driving Under the Influence (Under Age 21), a misdemeanor, a violation of Idaho Code 18-8004(1)(D), for which ALCARAZ was fined $200.00.00 and placed on unsupervised probation for 12 months.  CR-2009-29162.

On November 2, 2009, ALCARAZ failed to appear for a hearing in regard to case CR-2009-29162.  On November 2, 2009, the court issued a Warrant for arrest of ALCARAZ in case CR-2009-29162.

On September 9, 2009, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Driver's License-Fail to Purchase or Invalid, a misdemeanor, a violation of Idaho Code 49-301(1), for which ALCARAZ was fined $135.00.  CR-2009-29163.

On June 25, 2009, ALCARAZ was convicted in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada Magistrate Division for the offense of Driver's License-Fail to Purchase or Invalid, a misdemeanor, a violation of Idaho Code 49-301, for which ALCARAZ was fined $144.00.  CR-MD-2009-11071.

On April 24, 2009, ALCARAZ was convicted in the District Court of the Third Judicial District of the State of Idaho, in and for the County of Canyon Magistrate Division for the offense of Tobacco-Possession, Distribution, Use By Minor Violation, a misdemeanor, a violation of Idaho Code 39-5703, for which ALCARAZ was fined $125.50.  CR-2009-10993.

It should be noted that from 2009 through 2010, when ALCARAZ was under the age of eighteen (18), ALCARAZ was arrested for multiple offenses where in many of these cases, ALCARAZ received the disposition of True. These cases cover the years of activity: JV-2010-70; JV-2010-22; JV-2009-1043; JV-2009-922; JV-2009-716; JV-2006-1147.

The Defendant has two prior removals. He was ordered removed on 10/24/2018 by an immigration judge and removed to Mexico at El Paso, Texas on 10/30/2018. Additionally, he was ordered removed on 09/03/2019 and removed to Mexico at Nogales, Arizona on 09/26/2020.

## CONCLUSION

Based on the risk of flight identified above, the Court should grant a detention hearing in this case. At the hearing, an individualized review of the Section 3142(g) factors will strongly favor detention in this case. The United States has met its burden to show by a preponderance of the evidence that the Defendant is a flight risk and should be detained. For these reasons, the Government requests that the Defendant be detained pending trial in this case.

Respectfully submitted this 6th day of May, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Francis J. Zebari*
FRANCIS J. ZEBARI
Assistant United States Attorney

**MOTION FOR DETENTION - 16**